# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CAROL BAKER, an Individual,** | |
| Plaintiff, | |
| v. | |
| **BOARD OF EDUCATION OF LYONS ELEMENTARY SCHOOL DISTRICT 103, COUNTY OF COOK, STATE OF ILLINOIS, an Illinois School District,** | Case No. 23 C 4645 <br><br> Judge Harry D. Leinenweber |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Defendant Board of Education of Lyons Elementary School District 103 ("the Board") moves to dismiss Plaintiff Carol Baker's ("Baker") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed her Complaint on July 18, 2023 (Dkt. No. 1, Complaint ("Compl.")) alleging sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and age-based discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

For the reasons stated herein, the Court DENIES Defendant's Motion to Dismiss.

### I. BACKGROUND

Plaintiff's Complaint alleges the following facts. On July 1, 2020, Plaintiff began her employment in two roles with Defendant as the Principal of George Washington Middle School and as Assistant Superintendent of District 103. (Compl. ¶ 7.) Defendant

was aware that Plaintiff was both a woman and over 40 years of age. (*Id.* ¶¶ 31-32.) Despite performing her job satisfactorily, Defendant informed Plaintiff on March 23, 2022, that her Assistant Superintendent position had been eliminated. (*Id.* ¶ 9.) Around this time, Defendant offered Plaintiff a contract for the sole position of Principal of George Washington Middle School, but at a reduced salary than what she received previously in her joint role as Principal and Assistant Superintendent. (*Id.* ¶ 10.) Plaintiff was not able to accept the offer because of the significant reduction in salary, which was non-negotiable, and instead chose to retire early. (*Id.* ¶¶ 10-11.) Plaintiff's position was filled instead by Joshua Dakins ("Dakins"). Dakins was compensated at a higher salary, which he had been allowed to negotiate, despite having fewer years of experience and educational credentials than Plaintiff. (*Id.* ¶¶ 12-14.)

On or about October 12, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and on July 14, 2023, the EEOC issued a Right to Sue letter. (Dkt. No. 1, Exhibit ("Ex.") 1.) Four days later, on July 18, 2023, Plaintiff filed her Complaint before this Court alleging that Defendant discriminated against Plaintiff on the basis of her sex and age in violation of Title VII and ADEA, respectively.

## II. LEGAL STANDARD

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *See Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022). To survive a motion to dismiss under Rule 12(b)(6), the claim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the

speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* FED. R. CIV. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all reasonable inferences in the pleading party's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

### III. DISCUSSION

#### A. Title VII

##### 1. *Administrative Exhaustion*

Defendant argues that Plaintiff's Title VII claim must be dismissed because she failed to exhaust her administrative remedies with the EEOC before she filed her complaint in federal court.

Defendant is correct that an individual who wishes to bring a Title VII discrimination claim in federal court must file a charge with the EEOC within 300 days of the alleged unlawful employment practice to preserve her right to file a private lawsuit. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Boston v. U.S. Steel Corp.*, 816 F.3d 455, 463 (7th Cir. 2016). If the EEOC chooses not to file a civil action based on the charge, it will issue the aggrieved individual a notice of right to sue. That person then has 90 days from the time of the notice of right to sue to file a private civil action. *Id*. § 2000(f)(1).

Plaintiff's EEOC right-to-sue letter, which she attached to her Complaint, authorizes her to initiate a suit under her ADEA claim only, without mentioning her Title VII claim.

Defendant argues that, as a result, Plaintiff cannot bring her Title VII claim before this Court because she failed to exhaust her administrative remedies for this claim. But Defendant's argument ignores Seventh Circuit instruction on the issue of administrative exhaustion. There is no requirement at the pleading stage for a plaintiff to establish the timely exhaustion of her administrative remedies because exhaustion is not a jurisdictional prerequisite to suit in federal court. Rather, it is a requirement that is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans. World Airlines, Inc.*, 455 U.S. 385, 393 (1982). In general, courts should refrain from granting 12(b)(6) motions based on affirmative defenses such as administrative exhaustion because a complaint "ordinarily need not anticipate and attempt to plead around affirmative defenses." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (citations omitted). Rather than seeking dismissal under Rule 12(b)(6) based on an affirmative defense, a defendant should first raise the defense in their answer and then move for judgment on the pleadings under Rule 12(c). *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019).

District courts do sometimes grant Rule 12(b)(6) motions based on affirmative defenses when "the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense." *Hyson*, 821 F.3d at 939. (internal quotation marks and citations omitted). That is, if "the factual allegations in the complaint unambiguously establish all the elements of the defense" and the plaintiff has "affirmatively plead[ed] himself out of court." *Id*. at 939 (internal quotation marks and citations omitted). *See, e.g., Gragg v. Wenzak, Inc.*, 2011 WL 1331897, at *4 (C.D. Ill. Apr. 6, 2011) (dismissing

plaintiff's complaint without prejudice on administrative exhaustion grounds because plaintiff alleged that she did not receive a right-to-sue letter).

Here, Plaintiff's response to Defendant's argument is that she only attached the first page of her EEOC right-to-sue letter to her Complaint. While the first page appears to be missing "traditional language," the remaining pages of the letter, as well as other EEOC communication, clarify that she exhausted her Title VII claim as well. (Dkt. No. 13, Plaintiff's Opposition ("Pl. Opp.") at 3.)

The Court cannot know with certainty whether the first page of Plaintiff's right-to-sue letter contained a clerical error, and that the EEOC did, in fact, authorize Plaintiff's right to sue under Title VII in federal court. As such, Plaintiff's Complaint does not "unambiguously establish" her failure to exhaust administrative remedies and the Court will not dismiss Plaintiff's Title VII claim on exhaustion grounds at this time. However, because the attached right-to-sue letter admittedly does call into question whether Plaintiff has exhausted her administrative remedies with respect to her Title VII claim, Plaintiff is ordered to submit supporting documentation within seven days of this Order.

### 2. *Failure to State a Claim*

Defendant also maintains that Plaintiff's Title VII claim fails to state a claim upon which relief could be granted under FED. R. CIV. PRO. 12(b)(6) because Plaintiff failed to allege facts that suggested Defendant's actions were motivated by gender. Specifically, Defendant argues that Plaintiff did not allege the genders of other applicants to the Principal position, whether she applied to other positions, or whether other positions were

available. Defendant also argues that Plaintiff failed to allege that gender played a role in her replacement's hiring, or in her replacement's salary offer.

The Court disagrees. To prevail on a sex discrimination claim under Title VII, a plaintiff must ultimately prove a *prima facie* case of discrimination – that is, establish that (1) she is a member of a protected class, (2) she was meeting the employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated employees who were not members of her protected class were treated more favorably. *See Burks v. Wisconsin Dep't of Transportation*, 464 F.3d 744, 750-51 (7th Cir. 2006).

However, "[a] complaint alleging sex discrimination under Title VII 'need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.'" *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). "The plaintiff is not required to include allegations — such as the existence of a similarly-situated comparator — that would establish a prima facie case of discrimination []." *Id.* Thus, there is a "minimal pleading standard for simple claims of race and sex discrimination." *Tamayo*, 526 F.3d at 1084 (citation omitted). "A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how she was aggrieved and what facts or circumstances lead her to believe her treatment was because of her membership in a protected class." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777-78 (7th Cir. 2022). Because employers are expected to be familiar with discrimination claims,

a complaint need only include some information to put the employer on notice. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014).

Applying the relevant standard here, Plaintiff's Title VII claim "satisfies the requirements of Rule 8(a) because it gives [Defendant] fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Plaintiff alleges that she performed her duties satisfactorily; that Defendant eliminated her Superintendent position; that Defendant offered her a non-negotiable salary for the Principal position that she could not accept; and that Defendant hired a male applicant as Principal after offering him a higher, negotiable salary. While Plaintiff's claim has much ground to cover before pleading a *prima facie* case, it satisfies the low pleading standard and plausibly alleges discrimination on the basis of gender. Defendant's focus on allegations about Plaintiff's replacement, about other applicants, and about other positions to which Plaintiff may have applied would have this Court hold Plaintiff to a higher evidentiary standard that is not appropriate at the pleading stage. *See Swierkiewicz*, 534 U.S. at 507 ("the *prima facie* [employment discrimination] case should not be transposed into a rigid pleading standard for discrimination cases.")

### B. ADEA

Defendant asserts that Plaintiff's ADEA claim fails under Fed. R. Civ. Pro. 12(b)(6) for many of the same reasons that Defendant asserts Plaintiff's Title VII claim fails – failure to explicitly connect the facts pled to Plaintiff's age, including a failure to allege

the age of Plaintiff's replacement; and failure to allege that age played a role in Defendant hiring her replacement, or in the salary of her replacement.

The Court applies the same pleading standard it applied above. That is, while Plaintiff ultimately will have to prove a *prima facie* case of age discrimination under the ADEA, a complaint alleging age discrimination need only aver that the employer instituted a specified adverse employment action against plaintiff because of her age. *Kirley v. Bd. Of Educ. Of Maine Twp. High Sch. Dist. 207*, 2013 WL 6730885, at *7 (N.D. Ill. Dec. 20, 2013).

The Court also comes to the same conclusion as above. Plaintiff's ADEA claim boils down to this: Defendant terminated one of Plaintiff's roles; Defendant knew Plaintiff was over 40; Defendant offered Plaintiff a non-negotiable salary for the Principal position, which she could not accept; and Defendant hired someone with fewer years of experience and fewer credentials after offering them a higher, negotiable salary. And while it is true that Plaintiff never alleges her replacement was a younger applicant, such an allegation is not necessary at the pleading stage. *See Kaminski*, 23 F.4th at 777 ("[plaintiff] certainly does not need to identify [] a similarly situated employee" at the pleading stage). In *Kaminski,* for instance, the Seventh Circuit affirmed the District Court's dismissal of plaintiff's age, race, and national origin discrimination claims under Title VII and ADEA because her complaint consisted merely of the allegation that defendant terminated her in violation of Title VII and ADEA, without any facts to support a connection between the termination and her age, race, or national origin. 23 F.4th at 776-77. Plaintiff here goes just a hair further than the plaintiff did in *Kaminski* by alleging that Defendant offered her

– a woman over 40 years of age – a non-negotiable salary, and then offered a man with less credentials and fewer years of experience a higher, negotiable salary for the same position. Plaintiff has given just enough details about the subject matter to "present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is DENIED. Plaintiff is ordered to submit documentation supporting the exhaustion of her administrative remedies with respect to her Title VII claim within seven (7) days of this Order.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 1/24/2024